ROBB, Judge,
concurring in result.
I, too, would affirm the trial court’s grant of summary judgment in favor of Sally and Stanley. However, I write separately because I find it unnecessary to determine Selma’s intention with respect to the Specific Gifts Form in order to reach that conclusion.
The Trust ultimately gives equal shares of the net proceeds to Linda, Sally, and Stanley. The Specific Gifts Form purports to make specific bequests to each of them, and also to make specific bequests to groups identified as grandchildren and godchildren. It is unclear to me why this particular writing could not be classified as both an incorporation by reference and an amendment, given the broad amendment provision in the Trust itself. See op. at 68 *72 (quoting Trust provisions that allow amendment by a signed writing).[3] Assuming, however, that it must be one or the other, it fails regardless of the label we assign to it. If we must categorize the Specific Gifts Form, it fails as an incorporation by reference because, as the majority notes, real property may not be disposed of by such a document. If we were to say it does not matter that an incorporation by reference cannot convey real property because the Trust could be amended in anyway, the document still fails because its provisions are too vague to convey the purpose and intent of the bequests purportedly made therein. Leaving aside the fact that “cash money” provides no direction to the trustee at all with respect to the purported bequests to grandchildren and godchildren, was Selma’s intention for these specific gifts to be given out of the Trust first and then the remainder shared equally between Selma’s children or was it for the specific gifts to Linda, Sally, and Stanley to explain the property that should comprise each of their shares? Although it seems more likely that the document was intended to describe gifts to be given first because it includes beneficiaries not previously named in the Trust, it is unclear and would therefore be ineffective as an amendment to the Trust.
Accordingly, I agree with the majority that the Specific Gifts Form does not modify the terms of the Trust and the trial court properly granted summary judgment on this issue.

. In this regard, I note that I would not necessarily find, as the trial court did and as the majority has, that the language of the document is dispositive. Simply using the words "which [Trust] incorporates this specific gifts form by reference” does not necessarily make it so, see Ind.Code § 30-4-2.1-11 (stating the requirements for a valid incorporation by reference), nor does it necessarily preclude the document being an amendment.